869 F.2d 1494
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Michael H. VAN NATTA, Petitioner-Appellant,
v.
WARDEN, NORTHPOINT TRAINING CENTER: Attorney General, of
Kentucky, Respondents-Appellees.
 No. 88-5748.
 United States Court of Appeals, Sixth Circuit.
 Feb. 9, 1989.
 
 1
 Before KRUPANSKY and WELLFORD, Circuit Judges, and CHARLES W. JOINER, Senior District Judge.*
 
 ORDER
 
 2
 This pro se Kentucky prisoner appeals the district court's order dismissing his petition or a writ of habeas corpus filed pursuant to 28 U.S.C. Sec. 2254. The appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon consideration of the record and the briefs, the panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Michael Van Natta was indicted on a felony charge of failure to make the required disposition of property over $100, in violation of Ky.Rev.Stat. Sec. 514.070. Following a jury trial, he was convicted of a lesser included misdemeanor offense, failure to pay labor, in violation of Ky.Rev.Stat. Sec. 376.070, and sentenced to serve twelve months imprisonment. His conviction was affirmed by the Kentucky Court of Appeals; his motion for review by the Kentucky Supreme Court was denied.
 
 
 4
 In his application for federal habeas relief, Van Natta claimed two trial court errors: (1) the jury instructions on the misdemeanor charge were deficient because they did not require a culpable mental state as an element of guilt; and (2) the trial court erred by allowing the jury to separate after beginning its deliberations. Respondent filed an answer and motion to dismiss with a supporting memorandum. Upon review of the motion, the district court dismissed the petition. On appeal, Van Natta argues only that the erroneous jury instructions denied him a fundamentally fair trial.
 
 
 5
 Upon review, we conclude that the district court did not abuse its discretion by dismissing the petition for a writ of habeas corpus. First, Van Natta is not entitled to habeas relief because he failed to demonstrate that the allegedly erroneous jury instructions rendered his trial fundamentally unfair. See Henderson v. Kibbe, 431 U.S. 145, 154 (1977). Second, Van Natta failed to state a constitutional claim because he essentially challenged the instructions as contrary to state law. Generally, a state court's ruling on matters of state law are not subject to review by the federal court. See Spalla v. Foltz, 788 F.2d 400, 405 (6th Cir.), cert. denied, 107 S.Ct. 410 (1986).
 
 
 6
 Accordingly, the district court's order is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Charles W. Joiner, Senior District Judge for the Eastern District of Michigan, sitting by designation